NO. 07-99-0306-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

APRIL 5, 2001

______________________________

JOHN MICHAEL STUDDARD, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_________________________________

FROM THE 9
TH
 DISTRICT COURT OF MONTGOMERY COUNTY;

NO. 98-07-00818-CR; HONORABLE FREDERICK E. EDWARDS, JUDGE

_______________________________

Before QUINN and REAVIS and JOHNSON, JJ.

Upon a plea of not guilty and after waiving his right to a trial by jury, appellant John Michael Studdard was convicted of intentionally and knowingly causing serious bodily injury to a child and sentenced to ten years confinement.  By his sole point of error, appellant challenges the factual sufficiency of the evidence.  Based upon the rationale expressed herein, we affirm.

On June 30, 1998, appellant lived in an apartment with his common law wife, Julie, and their three-month old son, Seldon.  According to Julie, Seldon had been sick for two days prior and had been experiencing diarrhea, a temperature, and problems sleeping. Appellant took Julie to work around 6:30 a.m. and returned to the apartment to stay with Seldon.  At approximately 8:30 a.m. on June 30
th
, appellant noticed there was something wrong with Seldon and called Julie at work.  After speaking with Julie, appellant placed Seldon in the car and drove to Julie’s workplace to pick her up to go to the hospital.  While in the car, Julie noticed that Seldon was moaning and was “kind of pale.”  Julie, who had watched a television program about Shaken Baby Syndrome the previous day, associated her observations of Seldon with those she had seen on television.  Julie then asked appellant if he had shaken Seldon to which he replied, “yes,” and “I didn’t know what to do.”  Appellant then told Julie that “Seldon just--he was crying, and then all of a sudden, he just quit crying and his face was red, like, he, you know, just from crying a lot. . . .  He wouldn’t take his bottle.  He wouldn’t eat all morning.  And he just passed out. . . .”  

When Seldon was examined at the hospital, Dr. Timothy Seay noticed an old bruise above Seldon’s ear, a fresh contusion on his face, and noted that he believed appellant had told him that the baby had been shaken.  From this information, Dr. Seay had a CAT scan performed on Seldon that revealed a subarachnoid hemorrhage and a subdural hematoma.  In Dr. Seay’s opinion, the injuries sustained were consistent with Shaken Baby Syndrome by which “the brain is sloshed back and forth, and there’s bruising that occurs on the brain,” as well as the tearing of blood vessels.  Doctor Seay testified that this kind of injury takes a significant trauma and that it would not be caused by a child falling off of a bed, chair, or anything much lower than a house.  He further testified that the bruises on Seldon were suspicious because babies “don’t walk . . . and don’t get themselves into positions where they can get bruised.”  

Seldon was also examined by Dr. Brad Eugene Alpert.  Doctor Alpert had a C.T. scan taken that revealed preretinal hemorrhaging in Seldon causing him to be legally and irreversibly blind in his right eye.  He opined that it would take “pretty much a maximum effort of an adult shaking a baby as hard as they can to cause these sort of injuries” and that it was “way beyond what . . . any person would possibly do to try and revive a child.”  Doctor Alpert also testified that when babies are found lifeless and the adult claims that they shook the baby to try and revive them, it is an indication “that it’s likely the shaking came first and the injury came as a result of the shaking.”

Appellant was convicted of intentionally and knowingly causing serious bodily injury to a child and was sentenced to ten years confinement.  By his sole point of error, appellant challenges his conviction claiming the evidence is factually insufficient to show he acted intentionally or knowingly in injuring his child and that this evidence caused a verdict which was clearly wrong and unjust.  We disagree.

In conducting a factual sufficiency review, t
he Court of Criminal Appeals has directed us to ask whether a neutral review of all the evidence, both for and against the finding, demonstrates that the proof of guilt is so obviously weak as to undermine confidence in the fact finder’s determination, or the proof of guilt, although adequate if taken alone, is greatly outweighed by contrary proof.  Johnson v. State, 23 S.W.3d 1, 11 (Tex.Cr.App. 2000) (adopting complete civil factual sufficiency formulation); 
see also
 King v. State, 29 S.W.3d 556, 563 (Tex.Cr.App. 2000).  Accordingly, we will reverse the fact finder’s determination only if a manifest injustice has occurred.  
Johnson
, 23 S.W.3d at 12.  In conducting this analysis, we may disagree with the jury’s determination, even if probative evidence supports the verdict, but must avoid substituting our judgment for that of the fact finder.  
See
 Santellan v. State, 939 S.W.2d 155, 164 (Tex.Cr.App. 1997).
  Moreover, the fact finder is the judge of the credibility of the witnesses and the weight to be given their testimony and may resolve or reconcile conflicts in the testimony, accepting or rejecting such portions thereof as it sees fit.  Johnson v. State, 571 S.W.2d 170, 173 (Tex.Cr.App. 1978); Armstrong v. State, 958 S.W.2d 278, 284 (Tex.App.--Amarillo 1997, pet. ref'd).   

Testifying at trial, appellant readily admitted to shaking Seldon, but contends on appeal that the State failed to establish that he either acted with intent or knowledge to cause serious bodily injury. 
 See
 Dunn v. State, 13 S.W.3d 95, 98 (Tex.App.--Texarkana 2000, no pet.).  Section 22.04 of the Texas Penal Code provides in part that a person commits injury to a child if he intentionally, knowingly, recklessly, or with criminal negligence causes to a child:

(1) serious bodily injury;

(2) serious mental deficiency, impairment, or injury; or

(3) bodily injury.

Tex. Pen. Code Ann. § 22.04(a) (Vernon Supp. 2001).
(footnote: 1)  Serious bodily injury is defined as bodily injury that “creates a risk of death or that causes death, serious permanent disfigurement, or protracted loss or impairment of the function of any bodily member or organ.”  Tex. Pen. Code Ann. § 1.07(46) (Vernon 1994). 

According to section 6.03 of the Texas Penal Code, describing culpable mental states: 

(a) A person acts intentionally . . . with respect to the nature of his conduct or to a result of his conduct when it is his conscious objective or desire to engage in the conduct or cause the result.

(b) A person acts knowingly . . . with respect to the nature of his conduct or to circumstances surrounding his conduct when he is aware of the nature of his conduct or that the circumstances exist.  A person acts knowingly . . . with respect to a result of his conduct when he is aware that his conduct is reasonably certain to cause the result.

Doctor Alpert testified that among other injuries, Seldon suffered injuries that resulted in permanent loss of vision in his right eye.  Appellant’s contention that he did not “intend” to injure Seldon is not persuasive because it does not render his conduct involuntary.  
See
 Ross v. State, 763 S.W.2d 897, 901 (Tex.App.--Dallas 1988, pet. ref’d) (explaining that conduct is not rendered involuntary because the accused did not intend the result of his conduct).  It is important to note that section 22.04(a) is directed to serious bodily injury and serious impairment and does not require the State to prove that the resulting injury was intended by the accused or that the accused had knowledge that the exact injury would result.  Thus, in the underlying case, the State was not required to establish that appellant intended or knew that his conduct would cause Seldon’s loss of vision in his right eye, but merely needed to show that appellant’s conduct caused Seldon “serious bodily injury.” 

Injury to a child is a "specific result" offense and requires a specific mental culpability beyond intentional conduct.  Schultz v. State, 923 S.W.2d 1, 4 (Tex.Cr.App. 1996).  An actor is said to act with intent with respect to the result of his conduct when it is his conscious objective or desire to cause the result.  Dues v. State, 634 S.W.2d 304, 305 (Tex.Cr.App. [Panel Op.] 1982).  In Hill v. State, 883 S.W.2d 765, 769 (Tex.App.--Amarillo 1994, pet. ref’d), this Court held that because the offense of injury to a child is a result-oriented offense, a person acts with intent with respect to the result of his conduct when it is his conscious objective or desire to cause the result.  Citing Ledesma v. State, 677 S.W.2d 529, 531 (Tex.Cr App. 1984), we noted that in the absence of a judicial confession, intent must be inferred from the acts of the accused and the surrounding circumstances.  
See also
 Menchaca v. State, 901 S.W.2d 640, 652 (Tex.App.--El Paso 1995, pet. ref’d) (holding that the fact finder can infer knowledge or intent from the acts, conduct, and remarks of the accused and from the surrounding circumstances). 

Appellant’s mental state was shown circumstantially.  Appellant was a high school graduate and worked as a machinist.   His wife testified that he told her he shook Seldon because he did not know what to do.  Also, two doctors concluded that the type of injuries sustained by Seldon would not occur absent a violent and serious trauma or at the very least a fall from the top of a house.  Considering the applicable statutes and applying the appropriate standard of review, we conclude that proof of appellant’s guilt is not so obviously weak as to undermine confidence in the determination of his guilt by the fact finder.  Appellant’s sole point of error is overruled.  

Accordingly, the judgment of the trial court is affirmed.

Don H. Reavis

    Justice

Do not publish.  

FOOTNOTES
1:
An offense under subsection (a)(1) or (a)(2) of section 22.04 is a first degree felony.