

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-15-00082-CR

_____

FRED DOUGLAS MOORE, JR., Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 196th District Court
Hunt County, Texas
Trial Court No. 29762

Before Morriss, C.J., Moseley and Burgess, JJ.
Memorandum Opinion by Chief Justice Morriss

## MEMORANDUM OPINION

During the Hunt County jury trial of Fred Douglas Moore, Jr., for robbery[1] of a Greenville convenience store, the testimony of the key witness for the State, store clerk Andres Hernandez, occurred while the State played for the jury the in-store surveillance video of the encounter between Moore and Hernandez that evening. Hernandez testified, among other things, that he sustained some bodily injury "during this" and that Moore ran away with $40.00 from the store. Notwithstanding the small amount taken and the lack of significant injury, Moore was convicted and assessed punishment of twelve years' imprisonment.

In this appeal, Moore complains that the trial court erred in not allowing him to cross-examine the complaining witness regarding alleged prior bad acts and in failing to give a jury instruction on the lesser-included offense of theft and that insufficient evidence supported his conviction.

We affirm the trial court's judgment because (1) sufficient evidence supports the finding that Moore caused Hernandez' bodily injury, (2) it was not error to exclude evidence of specific alleged bad acts of Hernandez offered to undermine his credibility, and (3) Moore was not entitled to have the jury charged on the lesser-included offense of theft.

---

[1]*See* TEX. PENAL CODE ANN. § 29.02(a)(1), (b) (West 2011).

*(1)*     *Sufficient Evidence Supports the Finding that Moore Caused Hernandez Bodily Injury*

Moore argues on appeal that there is legally insufficient evidence[2] that he caused Hernandez bodily injury. We disagree.

In the spring of 2014, Hernandez was working as a clerk at Mr. J's Food Store in Greenville. Hernandez testified that, around 10:00 p.m. on March 16, Moore came in the store acting a little belligerent, using a Jamaican accent, and claiming to be Jesus Christ. Hernandez found this behavior strange and tried to get him to leave the store. During Hernandez' testimony, a video recording taken in the store that night was played for the jury. The video shows Hernandez behind a counter working at his cash register. It shows Moore approach the counter and begin talking with Hernandez.[3] Hernandez then gestures with his hand and returns to his work, while Moore continues to talk to him, leaning on the counter. Hernandez appears to respond, then return to his work, again gesturing with his hand as if wanting Moore to leave. After another short verbal exchange, Moore walks away from the counter and out of the camera's view.[4] Hernandez continues to work at the cash register while periodically talking with an unidentified person. Moore returns to the counter and again exchanges words with Hernandez.

---

[2]In reviewing the legal sufficiency of the evidence, we review all the evidence in the light most favorable to the trier of fact's verdict to determine whether any rational jury could have found the essential elements of the offense beyond a reasonable doubt. *Brooks v. State*, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010) (citing *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)); *Hartsfield v. State*, 305 S.W.3d 859, 863 (Tex. App.—Texarkana 2010, pet. ref'd) (citing *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007)). Legal sufficiency of the evidence is measured by the elements of the offense as defined by a hypothetically correct jury charge. *Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997). The hypothetically correct jury charge "sets out the law, is authorized by the indictment, does not unnecessarily increase the State's burden of proof or unnecessarily restrict the State's theories of liability, and adequately describes the particular offense for which the defendant was tried." *Id*.

[3]There is no audio on the videotape.

[4]Hernandez testified that Moore remained in the store, even though out of camera view, until he fled the scene.

3

After Moore walks out of camera view again. Hernandez opens his cash drawer, takes an envelope from beneath the counter, removes some currency, counts it, and places the envelope back beneath the counter. He then looks up, places the currency under the counter, closes his cash drawer, and speaks with an unidentified person standing out of camera view. At that point, an unidentified man walks in front of the counter, followed by Moore. The video shows Moore continue to the end of the counter, exchange words with Hernandez, and step behind the counter. Moore then steps further behind the counter as Hernandez picks up a telephone. Hernandez testified that, when Moore came behind the cashier's counter, he told Moore to step back around the counter. When Moore did not comply with Hernandez' direction, Hernandez picked up a telephone and told Moore he was calling the police.

Hernandez testified that Moore then stepped forward and went for the money, at which point Hernandez grabbed him. The video shows Moore stepping forward and reaching for something under the counter, near where Hernandez had put the currency. Hernandez then grabs his arm. It shows the men struggling for a few seconds and then Moore grabbing and holding Hernandez by the front of his neck, while forcing him to the end of the counter and beyond. While Moore gripped Hernandez' neck, Hernandez was holding on to Moore's jacket. As they struggle out from behind the counter, they are partially blocked from camera view, until Moore is seen freeing himself and running away and Hernandez is seen falling to the ground.

Hernandez testified that Moore ran away with $40.00. Hernandez also testified that, during this encounter, his leg and arm were hurt and caused him a little pain.[5]

---

[5]In addition, photographs depicting bruises to Hernandez' knee and arm were admitted into evidence.

4

On cross-examination, Hernandez denied that Moore had threatened him that night. He also admitted that he was the first to make physical contact with Moore when he grabbed Moore's arm as Moore was trying to steal the money. Jasmeet Sachdeva, the owner of Mr. J's, confirmed that, the next day, it was determined that $40.00 was missing from the store.

The elements of robbery require proof beyond a reasonable doubt that Moore, (1) during the course of committing theft and (2) with intent to obtain or maintain control of the property, (3) intentionally,[6] knowingly,[7] or recklessly[8] (4) caused bodily injury to Hernandez. *See* TEX. PENAL CODE ANN. § 29.02(a) (West 2011). On appeal, however, Moore challenges the sufficiency of the evidence as to his intentionally, knowingly, or recklessly causing Hernandez' bodily injury.[9]

The only evidence that Moore intentionally, knowingly, or recklessly caused Hernandez' bodily injury would have come from the testimony of Hernandez and the store video. Although

---

[6]"A person acts intentionally, or with intent, with respect to the nature of his conduct or to a result of his conduct when it is his conscious objective or desire to engage in the conduct or cause the result." TEX. PENAL CODE ANN. § 6.03(a) (West 2011).

[7]A person acts knowingly, or with knowledge, with respect to the nature of his conduct or to circumstances surrounding his conduct when he is aware of the nature of his conduct or that the circumstances exist. A person acts knowingly, or with knowledge, with respect to a result of his conduct when he is aware that his conduct is reasonably certain to cause the result. TEX. PENAL CODE ANN. § 6.03(b) (West 2011).

[8]A person acts recklessly, or is reckless, with respect to circumstances surrounding his conduct or the result of his conduct when he is aware of but consciously disregards a substantial and unjustifiable risk that the circumstances exist or the result will occur. The risk must be of such a nature and degree that its disregard constitutes a gross deviation from the standard of care that an ordinary person would exercise under all the circumstances as viewed from the actor's standpoint. TEX. PENAL CODE ANN. § 6.03(c) (West 2011).

[9]Moore does not contest that Hernandez suffered bodily injuries, but argues that his injuries could have been caused by Hernandez' own actions. Although Moore does not challenge the sufficiency of the evidence showing that he committed theft with the intent to obtain or maintain control of the property, we note that the testimony of Hernandez that Moore came behind the counter and took money without permission and struggled with Hernandez to maintain control of it, along with the video showing Moore's actions, is sufficient evidence of these elements of robbery.

Moore admits that Hernandez testified to sustaining injury, he stresses that Hernandez never testified that it was Moore that caused his injuries. However, this testimony cannot be viewed in a vacuum. As noted above, the store video was played during Hernandez' trial testimony, with the State asking questions as the video played. The video shows that, after Hernandez sought to prevent Moore from taking the money, Moore grabbed his throat and forced him to the end of the counter, where they continued to struggle until Hernandez fell and Moore fled. The State asked Hernandez, "Did you get hurt at all during this?" Hernandez replied that he was hurt on his shin and arm. The video does not show any event in which Hernandez would have been hurt, other than the struggle between Moore and Hernandez. Based on this evidence, a rational jury could find that Moore caused Hernandez' bodily injuries.

There was also no direct testimony regarding whether Moore intentionally, knowingly, or recklessly caused Hernandez bodily injury. However, "[p]roof of a culpable mental state is often made by circumstantial evidence." *Louis v. State*, 329 S.W.3d 260, 268 (Tex. App.—Texarkana 2010), *aff'd*, 393 S.W.3d 246 (Tex. Crim. App. 2012) (citing *Dunn v. State*, 13 S.W.3d 95, 98–99 (Tex. App.—Texarkana 2000, no pet.)). A culpable mental state may be inferred "from any facts which tend to prove its existence, including the acts, words, conduct of the accused, and the method of committing the crime." *Id.* (citing *Hart v. State*, 89 S.W.3d 61, 64 (Tex. Crim. App. 2002)). Hernandez testified that Moore was belligerent and acting strange. When directed to move out from behind the counter, Moore instead stepped forward and grabbed money from beneath the counter. When Hernandez grabbed his arm, Moore grabbed Hernandez by the throat and forced him to the end of the counter, where they continued to struggle. Moore then freed himself as

6

Hernandez fell to the ground. Based on this evidence, a rational jury could reasonably infer that Moore, at a minimum, was acting recklessly. We overrule this point of error.

*(2)*     *It Was Not Error to Exclude Evidence of Specific Alleged Bad Acts of Hernandez Offered to Undermine His Credibility*

Moore also complains that the trial court erred when it would not allow him to cross-examine Hernandez and Sachdeva about allegations that Hernandez had allowed customers to shoplift from Mr. J's. Moore claims that this evidence was relevant to the issues of Hernandez' credibility and whether Moore had implied consent to take the money and that the trial court's exclusion of the evidence denied him his right to confront witnesses guaranteed under the Sixth Amendment to the United States Constitution.[10] The State argues that Moore failed to preserve any error based on the Sixth Amendment and under a theory of implied consent since these grounds were not asserted in the trial court. It also argues that evidence of specific instances of conduct, other than convictions of crimes, for the purpose of attacking the credibility of a witness is barred by Rule 608(b) of the Texas Rules of Evidence.[11] We agree.

---

[10]Although Moore also asserts in one sentence that the exclusion of the evidence also "essentially denied him of his 5th Amendment right to effective representation of counsel," he cites no legal authority and makes no further argument in support of this statement. Appellate counsel is required to "cite specific legal authority and to provide legal argument based on that authority." *Rhoades v. State*, 934 S.W.2d 113, 119 (Tex. Crim. App. 1996) (citing *Vuong v. State*, 830 S.W.2d 929, 940 (Tex. Crim. App. 1992)). Where adequate briefing is not provided, the contention may be overruled. *Id.*; *Heiselbetz v. State,* 906 S.W.2d 500, 512 (Tex. Crim. App. 1995). We overrule any error based on a deprivation of Moore's right to effective counsel.

[11]*See* TEX. R. EVID. 608(b). The Texas Rules of Evidence were amended by orders of the Texas Supreme Court and Texas Court of Criminal Appeals, effective April 1, 2015. The Rules of Evidence quoted in this opinion are the Rules in effect at the time of the trial of this case. To facilitate access to the text of the Rules in effect at the time of trial, we note that those Rules were originally published in 50 TEX. B.J. 1129 (1997).

During his cross-examination of Hernandez, Moore sought to question him regarding the circumstances of the termination of his employment with Mr. J's.[12]  After the State objected, the trial court allowed Moore to make an offer of proof on these matters outside the presence of the jury.

During the offer of proof, Hernandez testified that Sachdeva was blaming him for other people stealing from the store.  He denied that he had allowed anyone to shoplift from the store.  He also denied that there was a video that showed him allowing people to shoplift and that he was terminated for not performing his job duties.  Moore argued at trial that the cross-examination was admissible to undermine Hernandez' credibility and reputation or history for being truthful or honest.  The State argued that allowing cross-examination regarding specific instances of conduct would violate Rule 608 of the Texas Rules of Evidence.  *See* TEX. R. EVID. 608.  The trial court sustained the objection without further argument from Moore.

Later, before the State called Sachdeva, it sought a ruling from the trial court to prevent Moore from examining Sachdeva regarding these same matters, again arguing that such evidence was not allowed under Rule 608 to impeach the credibility of a witness and that the reason for Hernandez' termination six months after the robbery was not relevant to any issue in the case.  It also argued that the only specific instance of conduct Rule 608 allowed was evidence of convictions of crimes, as provided by Rule 609.  *See* TEX. R. EVID. 609.  Moore argued that these instances of conduct involved prior bad acts and acts of moral turpitude that go to the issue of

---

[12]About six months after the robbery, Hernandez' employment at Mr. J's was terminated.

8

Hernandez' credibility and that they were therefore relevant and admissible impeachment evidence. The trial court granted the State's motion. Before examining Sachdeva, Moore made an offer of proof about the reasons for terminating Hernandez' employment. He testified that Hernandez was terminated because he had become complacent, and a video showed that, while he was talking with some people going out of the store, other people were stuffing candy in their pockets. He said that Hernandez also gave people free cigars. Sachdeva also testified that he no longer considered Hernandez a truthful person. After the offer of proof, Moore did not make any further argument regarding the evidence. During cross-examination in the presence of the jury, Sachdeva testified that, in his opinion, Hernandez was an honest employee, but now he does not consider him very truthful.

On appeal, a point of error "must correspond or comport with the objection made at trial." *Wright v. State*, 154 S.W.3d 235, 241 (Tex. App.—Texarkana 2005, pet. ref'd) (citing *Dixon v. State*, 2 S.W.3d 263, 273 (Tex. Crim. App. 1998); *Thomas v. State*, 723 S.W.2d 696, 700 (Tex. Crim. App. 1986)). An issue is not preserved on appeal unless the record shows that it was presented to the trial court "by a timely request, objection or motion" that "stated the grounds for the ruling that the complaining party sought from the trial court with sufficient specificity to make the trial court aware of the complaint, unless the specific grounds were apparent from the context." TEX. R. APP. P. 33.1(a)(1)(A); *Clark v. State*, 365 S.W.3d 333, 339 (Tex. Crim. App. 2012); *Resendez v. State*, 306 S.W.3d 308, 312 (Tex. Crim. App. 2009). If the objection at trial does not correspond with the issue on appeal, nothing is preserved for review. *Ibarra v. State*, 11 S.W.3d 189, 197 (Tex. Crim. App. 1999); *Wright*, 154 S.W.3d at 241.

9

An argument that evidence should be admitted because it is offered to attack the credibility of a witness may involve both the Confrontation Clause and the Rules of Evidence. *Reyna v. State*, 168 S.W.3d 173, 178 (Tex. Crim. App. 2005); *Perry v. State*, 236 S.W.3d 859, 864 (Tex. App.—Texarkana 2007, no pet.)  When a defendant's general argument "encompasses . . . both the Texas Rules of Evidence and the Confrontation Clause, the objection is not sufficiently specific to preserve error." *Reyna*, 168 S.W.3d at 179 (citing *Cantu v. State*, 939 S.W.2d 627, 634 (Tex. Crim. App. 1997)).  In order to preserve any alleged error, it is incumbent on the party seeking to admit the evidence to "clearly articulate that the Confrontation Clause demanded admission of the evidence to allow the trial court to rule on the issue." *Perry*, 236 S.W.3d at 864 (citing *Reyna*, 168 S.W.3d at 179).  By failing to present an argument based on the Confrontation Clause at the trial court, Moore did not preserve that issue for appeal.

Further, Moore never apprised the trial court that he sought admission of the evidence to show he had the implied consent of Hernandez to take the money.[13]  Since this argument in support of his point of error does not comport with the objection made at trial, there is nothing preserved for review.  *See Ibarra*, 11 S.W.3d at 197; *Wright*, 154 S.W.3d at 241.

Although Moore's argument on appeal focuses on the alleged denial of his rights under the Confrontation Clause, he also complains that the exclusion of the evidence abridged his right to test the credibility of the witness under Rules 608, 609, and 611.  *See* Tex. R. Evid. 608, 609, 611.

---

[13]We also note that, in his brief, Moore does not explain how evidence that Hernandez allowed others to take candy and cigars, even if believed, would support a theory that Moore had implied consent to take money belonging Mr. J's.

This comports with the argument he made at trial in support of the admission of the evidence and is, therefore, preserved for our review.

We review a trial court's decision to admit or exclude evidence under an abuse of discretion standard. *Martin v. State*, 173 S.W.3d 463, 467 (Tex. Crim. App. 2005); *Saucedo v. State*, 129 S.W.3d 116, 120 (Tex. Crim. App. 2004); *Warr v. State*, 418 S.W.3d 617, 619 (Tex. App.—Texarkana 2009, no pet.). As long as the trial court's ruling is within the zone of reasonable disagreement, we will uphold its ruling. *Martin*, 173 S.W.3d at 467; *Montgomery v. State*, 810 S.W.2d 372, 391 (Tex. Crim. App. 1991) (op. on reh'g); *Warr*, 418 S.W.3d at 619. Further, the trial court's evidentiary ruling will not be disturbed if it is correct on any theory of law applicable to that ruling. *De La Paz v. State*, 279 S.W.3d 336, 344 (Tex. Crim. App. 2009); *Hernandez v. State*, 351 S.W.3d 156, 160–61 (Tex. App.—Texarkana 2011, pet. denied); *Duren v. State*, 87 S.W.3d 719, 728 (Tex. App.—Texarkana 2002, pet. struck).

Rule 611(b) provides that "[a] witness may be cross-examined on any matter relevant to any issue in the case, including credibility." TEX. R. EVID. 611. There are limits, however, on the manner in which the credibility of a witness may be impeached. Under Rule 608, "[t]he credibility of a witness may be attacked . . . by evidence in the form of opinion or reputation, but . . . the evidence may refer only to character for truthfulness or untruthfulness." TEX. R. EVID. 608(a)(1). Further, under Rule 608, when attacking the credibility of a witness, "specific instances of the conduct of a witness . . . other than conviction of crime as provided in Rule 609, may not be inquired into on cross-examination of the witness nor proved by extrinsic evidence." TEX. R. EVID. 608(b); *see Hammer v. State*, 296 S.W.3d 555, 563 (Tex. Crim. App. 2009); *Moody v. State*, 827

11

S.W.2d 875, 891 (Tex. Crim. App. 1992); *Driggers v. State*, 940 S.W.2d 699, 705 (Tex. App.—Texarkana 1996, pet. ref'd). Thus, "under Rule 608[,] [a] witness's general character for truthfulness may be shown only through reputation or opinion testimony." *Hammer*, 296 S.W.3d at 563; *Moody*, 827 S.W.3d at 891. Specific instances of conduct may be admissible, however, to show bias, interest, or other motivation of the witness to be untruthful in his testimony in the case. *See, e.g.*, TEX. R. EVID. 404(b), 613(b); *Hammer*, 296 S.W.3d at 563; *Dixon v. State*, 2 S.W.3d 263, 272–73 (Tex. Crim. App. 1998) (op. on reh'g.). In addition, to attack a witness' credibility, Rule 609 allows, under certain circumstances, evidence to be admitted that the witness has been convicted of a felony or a crime involving moral turpitude. TEX. R. EVID. 609.

At trial, Moore argued that these specific instances of conduct were admissible to attack Hernandez' credibility as prior bad acts and acts involving moral turpitude. He did not specifically cite any of the Rules of Evidence, but it appears he was asserting that these specific instances of conduct were admissible under either Rule 609 or Rule 613, since Rule 608 specifically bars their admission. Rule 609, however, allows evidence only of convictions of felonies and crimes involving moral turpitude. *Id.* Since there was no evidence that Hernandez was convicted of any crime based on these alleged wrongdoings, they would not be admissible under Rule 609. *See id.* Further, Moore never questioned Hernandez regarding any bias, interest, or other motivation he may have had to be untruthful in his testimony. *See Hammer*, 296 S.W.3d at 563 ("Under Rule 613(b)[,] the opponent must first cross-examine the witness with the circumstances surrounding the bias, interest, or motive, and, if the witness denies the circumstances or the motive, the

12

opponent may introduce extrinsic evidence to prove the motive or bias."). Therefore, these specific instances of conduct would not be admissible under Rule 613(b).

We find that the trial court did not abuse its discretion in excluding evidence of these specific instances of conduct. Consequently, we overrule this point of error.

*(3)* *Moore Was Not Entitled to Have the Jury Charged on the Lesser-Included Offense of Theft*

Moore also complains that the trial court erred in failing to submit his requested jury instruction on the lesser-included offense of theft. Moore argues that there is no evidence that he caused bodily injury to Hernandez, and therefore, if he was guilty of any crime, he was guilty only of theft. The State argues first that theft is not a lesser-included offense of robbery, contending that, since theft requires an appropriation of property and robbery only requires an attempt to commit theft, theft requires proof of an additional element than robbery. In addition, the State contends that theft requires proof of the value of the property taken,[14] whereas robbery does not. Further, the State argues that Moore failed to preserve his error by failing to specify which theft offense he wanted included in the charge.[15] Finally, the State argues that there is no evidence

---

[14]In support of its contention that proof of the value of the property taken is a necessary element of theft, the State cites *Simmons v. State*, 109 S.W.3d 469, 478–79 (Tex. Crim. App. 2003). However, *Simmons* addressed whether there was sufficient evidence of "the state jail felony of theft," where the indictment alleged the defendant had stolen checks with a value of over $1,500.00 and under $20,000.00. *Id.* at 472, 474. To be sure, when the indictment alleges the value of the property, its value must be shown with sufficient proof. However, not all types of theft offenses require proof of the value of the property taken. *See, e.g.*, TEX. PENAL CODE ANN. § 31.03(e)(4)(B) (West Supp. 2014) (theft of property from person of another is state jail felony regardless of value). The common elements of simple theft under Section 31.03, regardless of the offense level, are that "a person . . . unlawfully appropriates property with intent to deprive the owner of the property." TEX. PENAL CODE ANN. § 31.03(a) (West Supp. 2014). Therefore, although the value of the property is essential in some cases to prove the level of the offense for the theft, we find it is not a necessary element when considering whether theft is a lesser-included offense of robbery.

[15]The State argues that Moore could have been requesting either a charge for theft of property under $50.00, a class C misdemeanor, or theft from a person, a state jail felony. *See* TEX. PENAL CODE ANN. § 31.03(e)(1)(A), (e)(4)(B) (West Supp. 2014). However, the evidence in this case would not support a lesser-included offense of theft from a person, since there is no evidence that Moore stole anything from Hernandez' person. If Moore was entitled to a lesser-

13

showing that Moore was guilty only of theft since there is no evidence that affirmatively refutes or negates that he caused bodily injury to Hernandez.

We apply a two-pronged analysis to determine whether an instruction on a lesser-included offense should be included in the jury charge. *State v. Meru*, 414 S.W.3d 159, 162 (Tex. Crim. App. 2013); *Cavazos v. State*, 382 S.W.3d 377, 382 (Tex. Crim. App. 2012); *Hall v. State*, 225 S.W.3d 524, 535–36 (Tex. Crim. App. 2007). In the first prong, we compare the elements of the offense as charged in the indictment or information with the elements of the asserted lesser-included offense. *Meru*, 414 S.W.3d at 162; *Hall*, 225 S.W.3d at 535–36. This first prong is a question of law and does not depend on evidence adduced at trial. *Hall*, 225 S.W.3d at 535.

An offense is a lesser included offense if:

> (1)    it is established by proof of the same or less than all the facts required to establish the commission of the offense charged.
> . . . .
>
> (4)    it consists of an attempt to commit the offense charged or an otherwise included offense.

TEX. CODE CRIM. PROC. ANN. art. 37.09(1), (4) (West 2006).

> Under this statute, an offense is a lesser-included offense of the charged offense
>
> if the indictment for the greater-inclusive offense either:  1) alleges all of the elements of the lesser-included offense, or 2) alleges elements plus facts (including descriptive averments, such as non-statutory manner and means, that are alleged for purposes of providing notice) from which all of the elements of the lesser-included offense may be deduced.

*Ex parte Watson*, 306 S.W.3d 259, 273 (Tex. Crim. App. 2009) (op. on reh'g). Under the cognate-

included-offense charge, the evidence would have supported only a charge for theft of property under $50.00. We hold that Moore has preserved this point of error.

pleadings approach, if the elements of the lesser-included offense can be deduced from facts alleged in the indictment, they need not be pled in the indictment. *Id.* We use the functional-equivalence concept to determine whether the elements of the lesser offense "are 'functionally the same or less than those required to prove the charged offense.'" *Meru*, 414 S.W.3d at 162 (quoting *McKithan v. State*, 324 S.W.3d 582, 588 (Tex. Crim. App. 2010)).

Moore claims the trial court should have submitted the lesser-included offense of theft to the jury. A person commits theft if "he unlawfully appropriates property with intent to deprive the owner of property." TEX. PENAL CODE ANN. § 31.03(a). In this case, the indictment alleges, in pertinent part, that Moore,

> while in the course of committing theft of property and with intent to obtain or maintain control of said property, intentionally, knowingly or recklessly cause[d] bodily injury to ANDRES HERNANDEZ by pushing, grabbing, hitting and/or struggling with ANDRES HERNANDEZ causing injury to ANDRES HERNANDEZ' leg and arm.

Thus, proof that Moore committed the offense of robbery required the State to prove that he intentionally, knowingly, or recklessly caused bodily injury to Hernandez while in the course of committing theft. *See* TEX. PENAL CODE ANN. § 29.02(a)(1). "While in the course of committing theft" is defined as "conduct that occurs in an attempt to commit, during the commission, or in immediate flight after the attempt or commission of theft." TEX. PENAL CODE ANN. § 29.01(1) (West 2011). Therefore, proof of either a completed theft or an attempted theft is a necessary element of proving robbery. Theft and attempted theft, on the other hand, would be established by proof of the same or less than all the facts required to establish robbery, the charged offense. Under Article 37.09(1), then, theft is a lesser-included offense of robbery in most cases.

15

TEX. CODE CRIM. PROC. ANN. art. 37.09(1); *see, e.g.*, *Jones v. State*, 984 S.W.2d 254, 257–58 (Tex. Crim. App. 1998); *Bignall v. State*, 887 S.W.2d 21, 23–25 (Tex. Crim. App. 1994); *Earls v. State*, 707 S.W.2d 82, 84 (Tex. Crim. App. 1986)*.* Since theft is a lesser-included offense of robbery, attempted theft may also be a lesser-included offense under Article 37.09(4) since it "consists of an attempt to commit . . . an otherwise included offense." TEX. CODE CRIM. PROC. ANN. art. 37.09(4) (West 2006). We find in this case that theft is a lesser-included offense of the offense charged in the indictment—robbery.

If, in our analysis of the first prong we determine that the requested lesser offense qualifies as a lesser-included offense, we move to the second prong and determine "whether a rational jury could find that, if the defendant is guilty, he is guilty only of the lesser offense." *Id.* at 162–63 (citing *Hall*, 225 S.W.3d at 536). The question becomes whether the evidence presented at trial raised a fact issue of whether Moore was guilty of only the lesser offense. *Id.* at 163. If so, a lesser-included-offense instruction must be given, even if the evidence is weak, contradicted, or impeached. *Id.* However, "'it is not enough that the jury may disbelieve crucial evidence pertaining to the greater offense, but rather, there must be some evidence directly germane to the lesser-included offense for the finder of fact to consider before an instruction on a lesser-included offense is warranted.'" *Sweed v. State*, 351 S.W.3d 63, 68 (Tex. Crim. App. 2011) (quoting *Skinner v. State*, 956 S.W.2d 532, 543 (Tex. Crim. App. 1997)). This "standard may be satisfied if some evidence refutes or negates other evidence establishing the greater offense or if the evidence presented is subject to different interpretations." *Id.* In our examination of the evidence, we "must examine the entire record instead of plucking certain evidence from the record and

16

examining it in a vacuum." *Enriquez v. State*, 21 S.W.3d 277, 278 (Tex. Crim. App. 2000).

Moore did not testify at trial, and other than Hernandez, no witnesses to the event were called by either party. The only other items of evidence of the event were the store video and the photographs of Hernandez' injuries. Although Moore admits Hernandez testified that he was injured, he stresses that Hernandez never directly testified that it was Moore that caused his injuries. However, this testimony cannot be viewed in a vacuum. As noted above, the store video was played during Hernandez' trial testimony, with the State asking questions as the video played. It shows that, after Hernandez sought to prevent Moore from taking the money, Moore grabbed his throat and walked him to the end of the counter where they continued to struggle until Hernandez fell and Moore fled. The State asked Hernandez, "Did you get hurt at all during this?" To which Hernandez replied that he was hurt on his leg and arm. The video does not show any event, other than the struggle between Moore and Hernandez, in which Hernandez would have been hurt.

Moore also argues, without citation to any authority, that, since Hernandez made the first physical contact, it was Hernandez' own actions that caused his injuries. However, neither Hernandez' testimony nor the video provides any evidence that his initially grabbing Moore's arm in an attempt to prevent the robbery caused his injuries. Therefore, neither the video nor Hernandez' testimony refutes or negates the evidence that established the greater offense, i.e., that Moore at least recklessly caused bodily injury to Hernandez.

Since there is no evidence that raised a fact issue of whether Moore was guilty of only theft, the trial court did not err in refusing to charge the jury on the lesser-included offense. We overrule this point of error.

We affirm the judgment of the trial court.


Josh R. Morriss III
Chief Justice

Date Submitted:      September 15, 2015
Date Decided:        November 5, 2015

Do Not Publish

18