**Cyrus Silas McKINNEY, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 06–99–00014–CR.**

Court of Appeals of Texas,
Texarkana.

Submitted Nov. 16, 1999.

Decided Jan. 13, 2000.

Gary L. Waite, Paris, for appellant.

Kerye Ashmore, Lamar County Attys. Office, Karla R. Baugh, Asst. County Atty., Paris, for appellee.

Before CORNELIUS, C.J., GRANT and ROSS, JJ.

## O P I N I O N

Opinion by Justice GRANT.

Cyrus Silas McKinney was charged with aggravated assault. After trial by jury as to both guilt/innocence and punishment, he was convicted of the lesser included of-

fense of assault and sentenced to serve 365 days in the county jail, and to pay a fine of $4,000.

On appeal, McKinney contends the trial court erred in failing to submit the defendant's requested charge on culpable mental state required for the offense.

The complainant, Gene Reeves, was struck by McKinney while the two men were at the home of Carol Johnson, McKinney's former girlfriend. Before the incident, Reeves had been assisting his girlfriend, DeAnna Young, Johnson's daughter, prepare her high school marching band uniform. Both Reeves and DeAnna attended the same high school, and they were both members in the band. The incident occurred when McKinney asked to speak with Reeves in the kitchen. Reeves testified that Carol Johnson followed him and McKinney into the kitchen, and McKinney and Johnson began to argue. Reeves heard Johnson tell McKinney to leave Reeves alone and that McKinney was scaring her. McKinney replied that he was "fixin' to scare [Johnson] a lot more" and then hit Reeves. Johnson testified at trial that the attack was not provoked by Reeves.

McKinney testified on his own behalf at trial. He admitted that he had been drinking before this incident occurred. He testified that he thought Reeves had been in Johnson's room that evening, so he asked to speak with Reeves in the kitchen. He further testified that as the two were talking in the kitchen, he thought he saw Reeves's hand "come up." McKinney also testified that he thought Reeves was "swinging" at him, and he ducked and swung back, hitting Reeves.

### Lesser Included Offense Instruction

McKinney requested a charge on the lesser included offense of assault, the pertinent part of which read as follows:

> If you find from the evidence beyond a reasonable doubt that on or about September 3, 1997, in Lamar County, Texas, the defendant, CYRUS SILAS McKINNEY, did then and there *intentionally or knowingly* strike and hit Gene Reeves with his fist thereby caus[ing] bodily injury to Gene Reeves, but you further find from the evidence that defendant did not cause serious bodily injury to Gene Reeves, or you have a reasonable doubt as to whether he caused serious bodily [injury] to Gene Reeves, then you will find defendant guilty of the lesser offense, assault by causing bodily injury, and not aggravated assault. (Emphasis added.)

Instead, the trial court gave the following instruction:

> Now, bearing in mind all of the instructions given to you in this Charge, if you find from the evidence beyond a reasonable doubt that the defendant, CYRUS SILAS MCKINNEY, on or about the 3rd day of September, 1997, in Lamar County, Texas, did *intentionally or knowingly or recklessly* cause bodily injury to GENE REEVES by hitting GENE REEVES with CYRUS SILAS MCKINNEY's hand, then you will find the defendant guilty of the lesser included offense of Assault. Unless you so find by evidence beyond a reasonable doubt or if you have a reasonable doubt thereof, you will acquit the defendant of Assault and say by your verdict not guilty. (Emphasis added.)

It should further be noted that in Section III, third paragraph of the charge, the trial court submitted to the jury the following definition:

> A person acts "recklessly", or is "reckless", with respect to the result of his conduct when he is aware of but consciously disregards a substantial and unjustifiable risk that the result will occur. The risk much [sic] be of such a nature and degree that its disregard constitutes a gross deviation from the standard of care that an ordinary person would exercise under all the circumstances as viewed from the actor's standpoint.

McKinney contends that by adding "recklessly" to the charge, an element was added to the offense not pleaded by the State. He also argues that the "recklessly" portion of the charge was not justified as there was no evidence that McKinney's attack on Reeves was anything but "intentional," and that there was no evidence that his acts were "reckless" as that term is defined. The State argues that McKinney did not properly object to the charge as given and, therefore, had to demonstrate "egregious" harm in order to make such error reversible. It further argues that as a lesser included offense, it was entitled to such an instruction on a lower culpable mental state.

### Standard of Appellate Review–Erroneous Jury Instructions

■ If the error in the jury charge is timely objected to in the trial court, then reversal is required if the error is calculated to injure the rights of the defendant, which means that there must be some harm to the accused from the error. In other words, an error which has been properly preserved by objection calls for reversal as long as the error is not harmless. However, if no objection was made at trial, the accused must claim the error as "fundamental," which means that he is entitled to reversal only if the error was so egregious and created such harm that he has not had a fair and impartial trial. TEX.CODE CRIM. PROC. ANN. art. 36.19 (Vernon 1981); Almanza v. State, 686 S.W.2d 157, 171 (Tex.Crim.App.1984) (opinion on reh'g).

■ The State argued that McKinney did not lodge a proper objection to the alleged error and thus is entitled to review for fundamental error only. We do not agree. Article 36.15 of the Code of Criminal Procedure provides, in pertinent part, as follows:

The defendant may, by a special requested instruction, call the trial court's attention to error in the charge, as well as omissions therefrom, and no other exception or objection to the court's charge shall be necessary to preserve any error reflected by any special requested instruction which the trial court refuses.

TEX.CODE CRIM. PROC. ANN. art. 36.15 (Vernon Supp.2000).

The Court of Criminal Appeals held that under Article 36.15, if the defendant requests a special instruction, no objection is required to preserve error. All that is required is that the requested instruction be in writing or dictated to the court reporter. Vasquez v. State, 919 S.W.2d 433, 435 (Tex.Crim.App.1996). The written requested charge, shown in the record in this case, is sufficient to preserve error, if any.

### Did the trial court err in including "reckless" in the instruction on the lesser included offense of "assault?"

■ The primary offense with which McKinney was charged is "aggravated assault," defined by the Texas Penal Code as follows:

(a) A person commits an offense if the person commits assault as defined in Section 22.01 and the person:

(1) causes serious bodily injury to another, including the person's spouse; or

(2) uses or exhibits a deadly weapon during the commission of the assault.

TEX. PEN.CODE ANN. § 22.02 (Vernon 1994).

"Assault" is defined by the Texas Penal Code as follows:

(a) A person commits an offense if the person:

(1) intentionally, knowingly, or recklessly causes bodily injury to another, including the person's spouse....

TEX. PEN.CODE ANN. § 22.01 (Vernon Supp. 2000).

Article 37.09 of the Code of Criminal Procedure states:

An offense is a lesser included offense if:

(1) it is established by proof of the same or less than all the facts required to establish the commission of the offense charged;

(2) it differs from the offense charged only in the respect that a less serious injury or risk of injury to the same person, property, or public interest suffices to establish its commission;

(3) it differs from the offense charged only in the respect that a less culpable mental state suffices to establish its commission; or

(4) it consists of an attempt to commit the offense charged or an otherwise included offense.

TEX.CODE CRIM. PROC. ANN. art. 37.09 (Vernon 1981).

■ The culpable mental states are classified, from highest to lowest as: (1) intentional; (2) knowing; (3) reckless; (4) criminal negligence. *Mills v. State,* 742 S.W.2d 831, 833 (Tex.App.-Dallas 1987, no pet.); *see* TEX. PEN.CODE ANN. § 6.02(d) (Vernon 1994).

The case of *Little v. State,* 659 S.W.2d 425 (Tex.Crim.App.1983), is determinative of the sole point of error raised in this case:

The issue presented in the case at bar is whether, when charging on a lesser included offense, the culpable mental state of recklessness may be used, where the culpable mental state of the greater offense was alleged to be "intentionally or knowingly."

Article 37.09(2), V.A.C.C.P., instructs that an offense is a lesser included offense if it differs from the offense charged in the respect that a less serious injury or risk of injury is involved. Clearly, robbery under Section 29.02(a)(1) is a lesser included offense of aggravated robbery under Section 29.03(a)(1). *The fact that the lesser included offense of robbery may be committed by the culpable mental state of recklessness even though not alleged in the indictment for the greater offense of aggravated robbery does not preclude a charge thereon since by definition recklessness is a lower culpable mental state than "intentional" and "knowing."* V.T.C.A., Penal Code, Section 6.02(d) and (e). And indeed, Article 37.09(4), V.A.C.C.P., *provides that an offense is a lesser included offense even if it differs from the offense charged only in the respect that a less culpable mental state is involved.*

*Id.* at 426 (Emphasis added.).

The lesser included offense of assault was requested by McKinney in this case; as submitted by McKinney, it charged the jury that if it found "bodily injury" as opposed to "serious bodily injury," McKinney should be found guilty only of "assault" as opposed to "aggravated assault." Thus, the criteria of Article 37.09(2) have been met a less serious injury. TEX.CODE CRIM. PROC. ANN. art. 37.09(2). The charge also meets the criteria of Article 37.09(3) in that it provides that a lesser culpable mental state is sufficient to obtain a conviction. TEX.CODE CRIM. PROC. ANN. art. 37.09(3).

McKinney contends that there was no evidence of recklessness. Section 6.02(e) of the Penal Code provides the following, "(e) Proof of a higher degree of culpability than that charged constitutes proof of the culpability charged." TEX. PEN.CODE ANN. § 6.02(e). The term charged includes not only the charge of aggravated assault in the indictment, but is also inclusive of lesser included offenses. The court determined that a lesser included charge of assault should be submitted to the jury. This is an appropriate lesser included offense of aggravated assault, and the statute provides for three mental states "intentionally, knowingly, and recklessly." TEX. PEN.CODE ANN. § 22.01. The trial court tracked the statute in submitting this lesser included offense. The proof in this case showed that the assault was intentional, and under the principle of the cited rule, this would constitute proof of the

lesser culpability. See the application of the statute in *Mills*, 742 S.W.2d at 833–34.

The judgment of the trial court is affirmed.

Concurring Opinion by Chief Justice CORNELIUS.

WILLIAM J. CORNELIUS, Chief Justice, concurring.

I concur in the affirmance, but I do not agree that TEX. PEN.CODE ANN. § 6.02(e) applies in this case. That statute applies only when the evidence proves a higher degree of culpability than that charged in the indictment or information. That is not what happened here. The evidence proved exactly the degree of culpability that was charged. But the application of the statute is unnecessary here because, under general legal principles, proof of the higher degree of culpability includes proof of the lesser degree of culpability. *See Daniel v. State*, 668 S.W.2d 390 (Tex.Crim. App.1984).