**Affirmed as Modified and Opinion Filed February 7, 2018**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

_____

## No. 05-17-00021-CR
_____

### CRAIG AARON MILLER, Appellant
### V.
### THE STATE OF TEXAS, Appellee

_____

### On Appeal from the 296th Judicial District Court
### Collin County, Texas
### Trial Court Cause No. 296-80261-2015

_____

# MEMORANDUM OPINION
Before Justices Francis, Stoddart, and Whitehill
Opinion by Justice Francis

Craig Aaron Miller appeals his conviction for aggravated assault with a deadly weapon. After a jury trial, appellant was found guilty and sentenced to two years confinement suspended for five years and a $2,500 fine. In his first issue, appellant asserts the evidence is legally insufficient to support the conviction. The State joins appellant in his second issue that the judgment should be modified to correct the name of the presiding judge. We modify the trial court's judgment and affirm the judgment as modified.

On October 20, 2014, Chandler Roach, the complainant, was driving on FM 1378 when he noticed a pickup truck, driven by appellant, driving erratically behind him. Appellant unsuccessfully attempted to pass Roach twice on the right-hand side, but was prevented by other cars on the road. On the third attempt, appellant's truck clipped the rear, right side of Roach's

truck. Appellant then accelerated through a red light. Roach stopped at the red light and lost sight of the appellant until he approached the next light where he found appellant standing in the middle of the road with his arms outstretched. In an effort to avoid appellant and get away from the situation, Roach turned at the intersection. Appellant got back in his truck, caught up to Roach, and made a quick maneuver towards the side of Roach's truck. Roach braked and appellant's truck clipped the right front side of Roach's truck causing appellant to lose control, hit the center median, and flip. Roach drove to the next light, called the police, and returned to the scene of the accident.

Two other drivers on the road witnessed the events and testified at trial. Timothy Dart told the jury appellant came up fast behind him and tailgated him. Appellant "almost pushed the car that was next to us behind me out of the way," requiring the other driver to hit the brakes quickly. As appellant passed Dart, a passenger in appellant's truck made obscene gestures while hanging out the window. Appellant changed lanes causing another vehicle to slam on their brakes to avoid a collision. Dart saw appellant clip the back bumper of Roach's truck.

Kevin Grimes witnessed the second collision between appellant's truck and Roach's. Grimes said he heard revving engines and thought Roach and appellant were racing. He saw appellant's truck pass Roach's and then immediately turn left to cut Roach's truck off. As appellant's truck pulled in front of Roach, it hit the median and flipped into oncoming traffic.

Appellant admitted at trial he was intoxicated at the time of the accident and was in a rush to get back to work. He thought Roach slowed down on purpose during their initial interaction, causing him to clip the back of Roach's bumper. Appellant drove ahead of Roach and pulled over to examine the damage to his truck. He then stood in the roadway in front of Roach's oncoming vehicle with his arms outstretched in a "why-did-you-do-that kind of gesture." When Roach turned at the intersection, appellant said he "wasn't in the right state of mind to let him just take off." Appellant told the jury that just before the crash, he was driving next to Roach and made another

gesture. "Roach came into my lane and clipped the bed of my truck" and "that's what sent me in front of him." Appellant admitted to driving recklessly and to being mad but denied that he was trying to threaten Roach.

After hearing the evidence, the jury found appellant guilty of aggravated assault with a deadly weapon. Appellant contends the evidence was legally insufficient to support the verdict. Specifically, he contends the evidence is insufficient to establish he intentionally or knowingly threatened the complainant.

When reviewing a challenge to the legal sufficiency of the evidence supporting a criminal conviction, we view the evidence in the light most favorable to the verdict and determine whether a rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *Lucio v. State*, 351 S.W.3d 878, 894 (Tex. Crim. App. 2011). We do not resolve conflicts of fact, weigh evidence, or evaluate the credibility of the witnesses as this is the function of the trier of fact. See *Dewberry v. State*, 4 S.W.3d 735, 740 (Tex. Crim. App. 1999). Each fact need not point directly and independently to the guilt of the appellant as long as the cumulative force of all the incriminating circumstances is enough to warrant conviction. *See Kennemur v. State*, 280 S.W.3d 305, 313 (Tex. App.—Amarillo 2008, pet. ref'd). Circumstantial evidence is as probative as direct evidence and can be sufficient alone to establish an accused's guilt. *Id*.

The indictment alleged appellant intentionally and knowingly threatened Roach with imminent bodily injury while using or exhibiting a motor vehicle as a deadly weapon. A person acts intentionally with respect to the nature or result of his conduct when it is his conscious objective or desire to engage in the conduct or cause the result. TEX. PEN. CODE ANN. § 6.03(a) (West 2017). A person acts knowingly as to the nature or circumstances surrounding his conduct when he is aware of the nature of his conduct or that the circumstances exist and he acts knowingly

–3–

as to the result of his conduct when he is aware that his conduct is reasonably certain to cause the result. *Id*. § 6.03(b). A defendant's intent or knowledge is a question of fact to be determined from a totality of the circumstances including the defendant's acts, words, and conduct. *See Dobbins v. State*, 228 S.W.3d 761–2, 764 (Tex. App.—Houston [14th Dist.] 2007, pet. dism'd).

Here, Roach and two other witnesses testified appellant was driving erratically and made contact with Roach's truck on two occasions. After clipping Roach's truck the first time, appellant ran a red light and then got out of his truck, blocking Roach's path as he approached. Appellant admitted he was angry when Roach turned onto another street instead of stopping. Appellant then chased after Roach and maneuvered his truck in front of Roach's with such force that he hit the median and lost control of his vehicle. The jury could reasonably infer from this conduct that appellant's actions were knowing or intentional. *See Nguyen v. State*, 506 S.W.3d 69, 76 (Tex. App.—Texarkana 2016, pet. ref'd) (evidence sufficient to support conviction for aggravated assault with vehicle where intent could be inferred from prior aggressive driving).

Appellant also contends the evidence is insufficient because Roach gave conflicting testimony about how he perceived appellant's conduct. He suggests the evidence must show Roach was fearful appellant would injure him for there to be sufficient evidence of an intentional or knowing threat. He contends a complainant must actually *perceive* the threat to prove the element of "threatens" in an assault case. The court of criminal appeals has considered this question in an aggravated assault by threat case and determined the evidence is sufficient if it supports an inference that the victim did in fact perceive the threat. *Olivas v. State*, 203 S.W.3d 341, 349 (Tex. Crim. App. 2006).

During trial, Roach told the jury he would describe appellant's actions as threatening, but he "wouldn't take a threat to it." Roach told the jury he did not stop when appellant got out of his car because he didn't want to fight with appellant and was trying to distance himself from the

–4–

situation. Roach described the events as scary and said he believed appellant intended his actions to be threatening. This evidence shows Roach perceived appellant's actions as a threat. Even if Roach's testimony that he did not feel personally threatened could be seen as contradicting his testimony about appellant's threatening behavior, the jury weighed the evidence and interpreted Roach's testimony to mean that he perceived a threat. *See Boston v. State,* 410 S.W.3d 321, 327 (Tex. Crim. App. 2013) (evidence sufficient to support a conviction for aggravated robbery by threat where a rational jury could have inferred that the victim was threatened, that the victim perceived the threat, and that the victim was placed in fear as a result of the perceived threat); *see also Strange v. State*, 446 S.W.3d 567, 574–75 (Tex. App.—Texarkana 2014, no pet.). After reviewing the record, we conclude the State introduced sufficient evidence to support the conviction. We overrule appellant's first point of error.

In appellant's second issue, the State joins appellant in his request to modify the name of the judge. The record shows Judge Keith Dean presided over the proceedings. The judgment, however, identifies Judge John Roach, Jr. We modify the trial court's judgment to show the presiding judge is Keith Dean and affirm the judgment as modified. See TEX. R. APP. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27–28 (Tex. Crim. App. 1993); *Asberry v. State*, 813 S.W.2d 526, 529–30 (Tex. App.—Dallas 1991, pet. ref'd).

/Molly Francis/
MOLLY FRANCIS
JUSTICE

Do Not Publish
TEX. R. APP. P. 47.2(b)
170021F.U05

–5–



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

CRAIG AARON MILLER, Appellant

No. 05-17-00021-CR          V.

THE STATE OF TEXAS, Appellee

On Appeal from the 296th Judicial District Court, Collin County, Texas
Trial Court Cause No. 296-80261-2015.
Opinion delivered by Justice Francis.
Justices Stoddart and Whitehill participating.

Based on the Court's opinion of this date, the judgment of the trial court is **MODIFIED** as follows:
The name of the presiding judge is **MODIFIED** to read "Hon. Keith Dean."

As **REFORMED**, the judgment is **AFFIRMED**.

Judgment entered February 7, 2018.